IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAI LIN and JIN LIN, | § | |
| | § | No. 226, 2016 |
| Defendants Below- | § | |
| Appellants, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| FRANBERT LLC, | § | |
| | § | C.A. N15C-03-261 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 4, 2016
Decided: June 10, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 10th day of June 2016, it appears to the Court that:

(1)    The defendants-appellants, Hai Lin and Jin Lin ("the Lins"), have petitioned this Court under Supreme Court Rule 42 to accept an appeal from an interlocutory order of the Superior Court dated April 6, 2016.  The interlocutory order denied the Lins' motion to dismiss plaintiff Franbert LLC's ("Franbert") amended complaint for lack of subject matter jurisdiction.

(2)    The complaint originally identified the plaintiff as Franbert Center LP.  The complaint asserted that the Lins had provided a guaranty of payment under a commercial lease agreement and had breached that guaranty agreement.  After discovery revealed that Franbert Center LP did not exist as a legal entity and that

the owner of the commercial premises was actually Franbert LLC, the Lins moved to dismiss the complaint for failure to state a claim.

(3) Franbert filed a motion to amend the complaint to correct the plaintiff's identity, which the Lins opposed. The Superior Court granted the motion to amend on December 4, 2015 and denied the Lins' motion to dismiss. On December 10, 2015, the Lins filed a motion to dismiss the amended complaint, asserting that the plaintiff's amended complaint essentially seeks reformation of the parties' contract and the Superior Court lacks subject matter jurisdiction to reform the contract. The Superior Court denied the Lins' motion on April 6, 2016.

(4) The Lins filed a motion for reargument or, in the alternative, an application for certification to take an interlocutory appeal in the Superior Court on April 11, 2016. The plaintiff filed its response in opposition on April 25, 2016. The Superior Court denied the certification application on April 27, 2016. In denying certification, the Superior Court found that the Lins' application for certification was premised on its incorrect assumption that the court had reformed the parties' contract when it allowed the plaintiff to amend its complaint to correct its name. The order, however, granted the Lins' motion for reargument in part, noting that the question of Franbert's standing to bring suit remained open.

(5) Applications for interlocutory review are addressed to the sound discretion of this Court and, under Rule 42, should be granted only in

"exceptional"[1] circumstances where the trial court's interlocutory order has decided a "substantial issue of material importance that merits appellate review before a final judgment."[2] In the exercise of its discretion, this Court has concluded that the application for interlocutory review in this case does not meet the requirements of Supreme Court Rule 42(b). The likely benefits of interlocutory review do not outweigh the probable costs such that interlocutory review is in the interests of justice,[3] especially given that the issue of standing has not yet been decided by the Superior Court.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Supr. Ct. R 42(b)(ii).
[2] Del. Supr. Ct. R 42(b)(i).
[3] Del. Supr. Ct. R. 42(b)(iii).